UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| JHISVIN A.B.V.A., <br><br> Petitioner, <br><br> v. <br><br> PAMELA BONDI, *United States Attorney General*; <br><br> KRISTI NOEM, *Secretary, U.S. Department of Homeland Security*; <br><br> TODD M. LYONS, *Acting Director of Immigration and Customs Enforcement*; <br><br> SHERIFF JOEL BROTT, *Sherburne County Sheriff's Office*, <br><br> Respondents. | Civil No. 26-455 (JRT/EMB) <br><br><br> **MEMORANDUM OPINION AND ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |

---

Taylor Jon Volkman, **TAYLOR VOLKMAN, ESQ.**, 3625 Thirty-Fourth Avenue South, Minneapolis, MN 55406, for Petitioner.

Ana H. Voss and Julie T. Le, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415 for Respondents.

Petitioner Jhisvin A.B.V.A. was arrested and detained by United States Immigration and Customs Enforcement ("ICE") in Lakeville, Minnesota, in August 2025. Jhisvin A.B.V.A. petitions for a writ of habeas corpus, arguing that he is being detained unlawfully. Because the Court concludes that Jhisvin A.B.V.A.'s detention is unlawful, the Court will grant his petition for habeas corpus and order that he be released from custody.

## BACKGROUND

Jhisvin A.B.V.A. is a citizen of Guatemala. (Verified Pet. Writ of Habeas Corpus ("Pet.") ¶ 14, Jan. 20, 2026, Docket No. 1.) He entered the United States in 2019. (*Id.*) He sought asylum and filed an I-130 petition, seeking permanent residency. (*Id.*) The Petitioner's immigration case is pending, and he is not subject to a final removal order. (*Id.*) Petitioner is married to a United States citizen, with whom he has a five-year-old child. (*Id.* ¶ 15.) He also has a valid work permit, is gainfully employed, and has no criminal record—other than traffic violations. (*Id.* ¶ 16.)

On August 1, 2025, ICE apprehended Jhisvin A.B.V.A. while he was painting a house in Lakeville, Minnesota. (*Id.* ¶ 17.) ICE arrested Petitioner without a warrant and refused consider Petitioner's work permit. (*Id.*) That same day, Petitioner was served with a Notice to Appear (Form I-862), charging him as removable under § 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act, for not being in possession of a valid entry document. (Decl. of Julie T. Le ¶ 3, Ex. A, Jan. 23, 2026, Docket No. 6.) Petitioner is being detained at the Sherburne County Jail in Elk River, Minnesota. (Pet. ¶ 13.)

On January 20, 2026, Jhisvin A.B.V.A. filed a Verified Petition for Writ of Habeas Corpus (Docket No. 1). He alleges that his continued detention is unlawful and requests that the Court order his immediate release, or alternatively, a bond hearing. (*Id*. ¶¶ 26–50.) That same day, the Court issued an order that (1) enjoined Respondents from transferring Petitioner outside the District of Minnesota pending a ruling on Petitioner's

habeas petition, and (2) directed Respondents to file an answer by January 23, 2026. (Docket No. 3.)

## DISCUSSION

Respondents argue that Jhisvin A.B.V.A. is subject to mandatory detention under to 8 U.S.C. § 1225(b)(2). After thorough review of the parties' filings, the Court concludes that the legal issues presented by Jhisvin A.B.V.A.'s habeas petition are subject to the same analysis the Court recently employed in *Herrera Avila v. Bondi*, No. 25-3741, 2025 WL 2976539 (D. Minn. Oct. 21, 2025) and *Romero Santuario v. Bondi*, No. 25-4296, 2025 WL 3469577 (D. Minn, Dec. 2, 2025). The factual record before the Court shows that Jhisvin A.B.V.A. was arrested while already in the United States. For the same reasons articulated in *Herrera Avila* and *Romero Santuario*, the Court concludes that it possesses jurisdiction over this petition, and that Jhisvin A.B.V.A.'s detention is not authorized by § 1225(b)(2).

The Court therefore turns to the proper remedy. In previous cases involving this issue, the Court has concluded that a bond hearing pursuant to § 1226(a) is the appropriate remedy. However, the Court is now persuaded that where, as here, (1) Respondents erroneously assert that a detainee is being held pursuant to § 1225(b)(2); and (2) Respondents have not produced a warrant, as is required to effectuate an arrest pursuant to § 1226(a), the appropriate remedy is release from custody. *See, e.g.*, *Ahmed M. v. Bondi*, No. 25-4711, 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026); *Lauro M. v. Bondi*, No. 26-134, 2026 WL 115022, at *3 (D. Minn. Jan. 15, 2026); *cf. Munaf v. Geren*, 553 U.S.

-3-

674, 693 (2008) ("Habeas is at its core a remedy for unlawful executive detention. . . . The typical remedy for such detention is, of course, release.").

Accordingly, the Court will grant Jhisvin A.B.V.A.'s petition for writ of habeas corpus and will order that he be released from custody.

### ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner Jhisvin A.B.V.A.'s Verified Petition for Writ of Habeas Corpus (Docket No. [1]) is **GRANTED**, as follows:

    a. Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

    b. Respondents shall release Petitioner from custody as soon as practicable. Petitioners shall be released (1) in Minnesota; (2) at a time and place communicated to counsel in advance; (3) with all of his personal effects, such as driver's license, passport, immigration documents, keys, and cell phone; and (4) without conditions such as worn GPS tracking devices, telephonic tracking, or use of the SmartLINK app.

    c. The parties shall provide the Court with a status update concerning the status of Petitioner's release by **no later than 5:00 p.m. on January 27, 2026**. Further, the parties shall advise the Court whether any additional

proceedings in this matter are required and submit any proposals for the

scope of further litigation.


DATED: January 24, 2026                       _____/s/ John R. Tunheim_____
at Minneapolis, Minnesota.                      JOHN R. TUNHEIM
                                                              United States District Judge